Earl Edward MOORE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19435.

United States Court of Appeals Ninth Circuit.

June 25, 1965.

Ely, Circuit Judge, dissented in part.

Ned R. Nelsen, Richard M. Moore, Cooper & Nelsen, Los Angeles, Cal., for appellant.

Thomas R. Sheridan, U. S. Atty., Richard A. Murphy, Asst. U. S. Atty., Chief, Crim. Sec., John A. Mitchell, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, DUNIWAY and ELY, Circuit Judges.

MERRILL, Circuit Judge:

This appeal is from conviction of a violation of what is commonly referred to as the "Anti-Kickback Act," Title 41 U.S.C. §§ 51–54.

Section 51 prohibits payment of compensation or gratuities of any kind "directly or indirectly, by or on behalf of a subcontractor, as defined in section 52," to (among others) any agent or employee of a prime contractor holding a contract with the Government for the furnishing of services or materials on a cost-plus-fixed-fee basis. Section 54 makes it a crime to "make or receive any such prohibited payment." Appellant was convicted of having received certain prohibited payments. He contends that there is no evidence that any payments received by him were prohibited under section 51 and that it was error to deny his motion for acquittal. We agree.

There is ample proof that on his solicitation payments were made to him by agents of two business concerns which, the Government contends, were subcontractors under section 52. However, there is no evidence whatsoever that these payments were made by or on behalf of those concerns. The District Court recognized this deficiency in the proof. In its opinion it stated:

"Defendant alleges that there is no evidence in the case, either in count 1 or in count 7, to establish that the payments were made by either United Control Corporation or Univox Corporation, as each payment was made by an official of the respective corporations and, according to the testimony, was not charged up to either company or to the subcontracts."

The court concluded, however, that this deficiency was remedied by other language of section 51:

"Upon a showing that a subcontractor paid fees, commissions, or compensation or granted gifts or gratuities to an officer, partner, employee, or agent of a prime contractor or of another higher tier subcontractor, in connection with the award of a subcontract or order thereunder, it shall be conclusively presumed that the cost of such expense was included in the price of the subcontract or order and ultimately borne by the United States."

Of the many objections raised by appellant to the court's resort to this presumption we need deal with only one: By its very terms its application is limited to cases where payment was by a subcontractor. Absent independent proof of such a payment, the presumption has no application here.

Judgment reversed.

ELY, Circuit Judge (concurring and dissenting):

I concur in the judgment of reversal. I do not disagree with the logical reason upon which the majority has based its conclusion. Section 51, which became effective on March 8, 1946, was originally proposed by the Comptroller General in

a special report dated October 5, 1943. The legislative history clearly reveals that the original purpose of the section, together with sections 52 and 53, was to establish an unquestionable civil remedy by which the Government might recover improper expenditures which it might otherwise absorb. 1946 U.S.Code Cong. Serv., p. 1081. See also 1960 U.S. Code Cong. & Adm. News, p. 3292. Even had it been shown that the payments in the instant case had been made by the subcontractors, the conclusive presumption embraced within the terms of section 51 could operate only to establish that "the cost of such expense was included in the price of the subcontract or order and ultimately borne by the United States", an ultimate fact which would be of no materiality in a criminal, as distinguished from a civil, prosecution.[1] The provisions of section 51, as well as their sequence, clearly indicate that the section was drafted for civil application. By the enactment of section 54, the Congress attempted to adopt section 51 into a body of criminal law. There are few reported cases in which a criminal prosecution for violation of the Anti-Kickback Statute has been attempted. Among these are United States v. Dobar, 223 F.Supp. 8 (N.D.Fla.1963) and Howard v. United States of America, 345 F.2d 126 (1st Cir. 1965), and the conclusion in Dobar is opposed to one of the conclusions in Howard. The uncertainty of the law, as related to the facts, presented complex problems to the District Court. We have not solved all of these problems here. It was found as a fact that the appellant enjoyed no capacity enabling him to participate in his employer's award of subcontracts. Shortly after the award of a $600,000 subcontract, the appellant received $170 from an employee of the subcontractor. Could this have been an "acknowledgment" of the previously awarded subcontract regardless of appellant's capacity and regardless of whether or not the subcontract was awarded in connection with the certain type of prime contract specified in section 51? In a second count under which appellant was convicted, he was charged with having received $50 as an "inducement" for the award of a future subcontract even though no future subcontract was ever awarded.[2] May criminal conviction be supported upon the basis of speculation, not only that at some future time there may come about a subcontract or order, but also that the fancied subcontract or order will, if it must, relate to the type of prime contract specified in Section 51? Our answering this question and that which I have previously put might assist in furnishing guidelines to the Bench and Bar and the avoidance of possible future waste of time and money.

I have been unable to persuade the majority to my belief that under the facts of this case, our reasoning should be broader and that we should explore in greater depth the provisions of the Anti-Kickback Act, their meaning, and their application here. Respect for the majority decision to rest the opinion on one narrow ground deters me from endeavoring to supply answers which, coming

1. It would seem to be the established law that a statutory presumption can never operate *conclusively* to supply the necessary proof of an essential element of a criminal charge. See United States v. Gainey (1965), 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed. 658, Erwing v. United States, 323 F.2d 674 (9th Cir. 1963).

2. I am not concerned with the amount of the payments, but if the appellant enjoyed a position of such prestige that the previous award of a $600,000 subcontract could be acknowledged by the payment to him of $170, and his receiving of $50 was to induce his employer to award valuable subcontracts in the future, then he placed a small value upon his influence. There is, however, a fable which is appropriate. Encountering a strange and beautiful woman, a man inquired if she would commit an act of prostitution for $5,000. When she answered, with some hesitation, that she thought she would, he inquired if she would commit the act for $5. In a huff, she exploded, "What do you think I am, anyway?", whereupon the man replied, "That has already been determined. Now let us talk about the price!"

from me alone, might subsequently prove to have little value or effect. For the reason, however, that I do most sincerely disagree with whatever policy considerations have led my Brothers to determine that it is not necessary or proper to discuss the problems which I would discuss, and for that reason only, I respectfully dissent.